NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL BAKER, : | |
| : | |
| Plaintiff, : | Civil Action No. 16-633 (SRC) |
| : | |
| v. : | **OPINION** |
| : | |
| COMMISSIONER OF SOCIAL : | |
| SECURITY, : | |
| : | |
| Defendant. : | |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Michael Baker ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be vacated.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning October 8, 2008. A hearing was held before ALJ Dennis O'Leary (the "ALJ") on May 29, 2014, and the ALJ issued an unfavorable decision on August 22, 2014, finding Plaintiff not disabled. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of August 22, 2014, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual

functional capacity to perform sedentary work, with certain limitations. At step four, the ALJ also found that Plaintiff did not retain the residual functional capacity to perform his past relevant work. At step five, the ALJ consulted a vocational expert and concluded that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on several grounds, but this Court need only reach the argument that succeeds: the ALJ's residual functional capacity determination at step four is not supported by substantial evidence.

At the outset, this Court notes that neither party has raised any issue related to Plaintiff's continued tobacco use, and so it has not been considered in making today's decision.

Plaintiff argues that, in making the residual functional capacity determination, the ALJ improperly rejected the opinion of Plaintiff's treating pulmonologist, Dr. Estrella, based on the evaluation of the consultative examiner, Dr. Roque. Plaintiff argues persuasively that this does not comply with Third Circuit law, and that Dr. Roque's evaluation does not constitute substantial evidence supporting either the rejection of the treating physician's opinion or the ALJ's contrary determination.

There appears to be no dispute that Plaintiff has a long history of chronic obstructive pulmonary disease ("COPD.") The record contains a report from Dr. Estrella, dated March 27, 2014, in which Dr. Estrella diagnosed Plaintiff with "CHR AIRWAY OBSTRUCT NEC," which

2

appears to be an abbreviation of "chronic airway obstruction not elsewhere classified." (Tr. 345.) Dr. Estrella's report stated: "Patient is deemed unable to perform light and sedintary [sic] work due to back pain and respiratory issues." (Tr. 346.) The ALJ took note of Dr. Estrella's report and rejected it, stating:

> In that regard, no significant weight is accorded to Dr. Estrella's assertions of disability in a March 2014 medical source statement (Exhibit 15F). This assessment is broad based and not supported by any clinical findings. In fact, the examination at that time was normal with the exception of back pain and a cough.

(Tr. 20.) The ALJ then made the general statement that: "the lack of an explanation based on objective medical evidence to support the assessments renders them unworthy of being accorded significant weight herein." (Id.) On the subject of Plaintiff's respiratory difficulties, the ALJ also stated:

> The claimant's respiratory does not support a finding of disability. [sic] While the evidence indicates that the claimant has a history of COPD, the evidence also indicates that the claimant smoked 3-4 packs of cigarettes per day for the past 35 years and continues to smoke; despite recommendations not do so (Exhibits 10F, 15F). [sic] Despite the claimant's complaints, his treatment consisted of no more than an inhaler. There is no evidence that he required any recurrent emergency room visits or inpatient hospital visits due to an exacerbation of his symptoms. Additionally, the record is devoid a pulmonary function test that is close to listing level. [sic] Nonetheless, I concur with the assessment of consultative examiner Roque who opined that the claimant had limitations in performing activities that require exposure to environmental/occupational toxic or hazardous agents (Exhibit 6F).

(Tr. 19.) The ALJ determined that Plaintiff retained the residual functional capacity to perform sedentary work, and stated that this assessment was supported by:

> The claimant's history of COPD and the assessment of consultative examiner Roque that the claimant had limitations in performing activities that require exposure to environmental/toxic or hazardous agents and prolonged walking, which does not preclude sedentary work.

(Tr. 20.)

3

Plaintiff argues that the ALJ ignored the full report of Dr. Roque and instead cherry-picked it; this is correct.  In her report dated January 25, 2013, Dr. Roque diagnosed Plaintiff with chronic obstructive pulmonary disease, and made this statement regarding work: "He appears capable of performing activities of daily living, instrumental activities of daily living and ambulatory type of work at his own pace." (Tr. 323.)  Dr. Roque then wrote one more sentence about Plaintiff's functional limitations, followed by:

> **Note**: there was no requests for Chest x-ray or Spirometric Pulmonary Function Studies nor if records were available were not sent to me during this CE, therefore to assess the severity or stage of his chronic pulmonary problem will not be easy to evaluate.
> **Recommend:** Resting Doppler study is done.  Chest x-ray and Spirometric Pulmonary Function Studies is done if no records available.

(Tr. 323.)  Dr. Roque then signed the report. (Id.)

Dr. Roque thus ended her report with two statements, both using boldface type to draw the reader's attention.  These sections appear to state essential qualifications to her medical opinion about Plaintiff's chronic pulmonary problems, and they appear to be flags to alert the reader to Dr. Roque's belief that what she has just written *does not constitute an adequate evaluation* of Plaintiff's chronic pulmonary problems.  It is fairly clear that Dr. Roque was alerting the reader that substantially more information was needed in order for her to assess "the severity or stage of his chronic pulmonary problem."

Plaintiff's brief makes all these points.  The Commissioner's opposition brief does not respond to them.

This Court finds that the ALJ erred in arriving at the residual functional capacity determination at step four.  In assessing the impact of Plaintiff's chronic pulmonary disease on his residual functional capacity, the ALJ rejected the opinion of Plaintiff's treating physician, Dr.

Estrella.  In Plummer v. Apfel, the Third Circuit concisely summarized the principles relevant to this case:

> [A]n ALJ is not free to employ her own expertise against that of a physician who presents competent medical evidence.  When a conflict in the evidence exists, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason.  The ALJ must consider all the evidence and give some reason for discounting the evidence she rejects.
>
> Treating physicians' reports should be accorded great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.  An ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided.

Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (citations omitted).  The ALJ's residual functional capacity determination does not follow even one of these quoted principles.

Plummer allows an ALJ to reject a treating physician's opinion outright only on the basis of contradictory medical evidence.  The Third Circuit has further explained: "In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion."  Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000).

In the instant case, the ALJ appears to have rejected Dr. Estrella's opinion on a number of improper grounds.  At one point, the ALJ stated that he found Dr. Estrella's opinion to be "broad based and not supported by any clinical findings."  (Tr. 20.)  Setting aside that this Court does not understand why "broad based" is a negative, the judgment that the treating physician's opinion was not supported by any clinical findings appears to be lay opinion, inasmuch as Dr. Estrella provides several pages of the clinical data on which he based his opinion.  Similarly, the

5

ALJ's suggestion that "the lack of an explanation based on objective medical evidence . . . renders them unworthy of being accorded significant weight" does not give the ALJ license to credit his lay opinion over Dr. Estrella's. (Tr. 20.)  The ALJ made the observations that Plaintiff's "treatment consisted of no more than an inhaler," that Plaintiff had not needed emergency or inpatient care, and that Plaintiff lacked a pulmonary function test close to listing level; these are lay opinion.  Such observations may or may not be relevant evidence to a medical professional but, when offered as evidence supporting a medical conclusion by an ALJ, they are the kind of speculative inferences from medical reports that the Third Circuit does not accept.

Plummer also requires an ALJ to reject a treating physician's opinion only on the basis of contradictory medical evidence.  In rejecting Dr. Estrella's opinion, beyond relying on the ALJ's own lay opinion, the ALJ pointed only to the opinion of Dr. Roque.  As already discussed, Dr. Roque offered an opinion accompanied by very clear cautionary statements, warning the reader that this should not be taken as an adequate evaluation of Plaintiff's chronic pulmonary disease.

The Court notes as well that Dr. Roque did *not* find Plaintiff capable of sedentary work. Rather, Dr. Roque said that Plaintiff "appeared" capable of "ambulatory type of work at his own pace." (Tr. 323.)  If the ALJ inferred from this that Plaintiff must therefore be capable of sedentary work, that is a speculative inference from a medical report.

It is well-settled that: "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).  Dr. Roque's opinion – cautious and preliminary as it appears to be – does not constitute such evidence as a reasonable mind

would accept as adequate to support the conclusion that Dr. Estrella is wrong in his assessment of Plaintiff's capacity to work. The ALJ's rejection of Dr. Estrella's opinion is not supported by substantial evidence. The ALJ's residual functional capacity determination is thus not supported by substantial evidence.

      The ALJ's residual functional capacity determination at step four does not comport with Third Circuit law. For the foregoing reasons, this Court finds that the Commissioner's decision is not supported by substantial evidence, and the Commissioner's decision is vacated and remanded for further proceedings in accordance with this Opinion.

                                                                          s/ Stanley R. Chesler
                                                             STANLEY R. CHESLER, U.S.D.J.

Dated: March 8, 2017